[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Michael A. Wilkinson, appeals from his conviction for carrying a concealed weapon, a firearm, in violation of R.C. 2923.12(A). The trial court sentenced Wilkinson to confinement in the department of corrections for a period of eighteen months. In his single assignment of error, Wilkinson contends that his conviction was against the manifest weight of the evidence. We disagree.
To be convicted of carrying a concealed weapon requires that a person knowingly carry or conceal on his person, or conceal ready at hand, a deadly weapon or dangerous ordnance.
A challenge to a jury's verdict on the manifest weight of the evidence requires us to weigh the evidence and all reasonable inferences, to consider witness credibility, and to determine whether, in resolving conflicts in the evidence, the jury lost its way and created a manifest miscarriage of justice.[1] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.[2] Moreover, "[c]ircumstantial evidence and direct evidence inherently possess the same probative value."[3]
Wilkinson was driving an automobile, with one passenger in front and another in back, also on the passenger side, when he was stopped by a Forest Park police officer at approximately 6:20 a.m. on August 14, 2000. The officer had been responding to a call about two or three men seen running in the vicinity of an attempted breaking and entering at the Summit Apartments. As the officer approached the automobile, Wilkinson jumped out from the driver's side and walked to meet the officer. During his questioning of Wilkinson, the officer was face-to-face with Wilkinson. When asked if he had a driver's license, Wilkinson returned to his automobile and leaned into the driver's side, and ten seconds later the two other men stepped out of the automobile. As the passengers were starting to walk away from the officer, he ordered them all to stop, but all three men took flight on foot.
Other officers were called to assist in an unsuccessful search for the three men. The officers then returned to look inside the automobile left behind by the three men. A console divided the front bucket seats.
Operable handguns were recovered from beneath the front driver and passenger sides of the automobile. Wilkinson was charged in connection with the handgun found under the driver's seat. The officer who had made the stop testified that the handgun was just inches beneath the driver's seat, easily within reach of the driver. Wilkinson voluntarily went to the police one week after the stop subsequent to a discussion with the automobile's owner. Not recognizing the officer who had stopped him, Wilkinson gave differing explanations for his presence at the scene after being informed by the officer that he was the one who had stopped him. The only witnesses who testified at trial were the officers presented by the state.
Wilkinson's jury did not lose its way. "Testimony that a gun has been concealed underneath the seat of a car is sufficient to support a conviction for carrying a concealed weapon."[4] Here the handgun was found directly beneath where Wilkinson had been sitting when the men fled, there was no testimony that the officer saw anyone else position the handgun as it was found, or that rebutted the officer's observations, and handguns were found under each of the front seats. Constructive possession requires some dominion or control over the object.[5] There was ample evidence to find that Wilkinson had constructively possessed the handgun.[6] Accordingly, Wilkinson's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546, citing State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[3] State v. Jenks (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492,502.
[4] State v. Young (Mar. 28, 1995), Franklin App. No. 94APA08-1200, unreported (citations omitted).
[5] See State v. Pruitt (1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499,508.
[6] See State v. Jansen (May 6, 1999), Cuyahoga App. No. 73940, unreported.